

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED AUG 1 2005**

**JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE**

LEONARD FARLEY,

  Plaintiff,

v.

KEEBLER COMPANY and
INTERNATIONAL UNION LOCAL 1,

  Defendants.

Case No. 05 C 2276

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Leonard Farley, a *pro se* litigant, (hereinafter, "Plaintiff") filed a complaint against Defendant Keebler Company (hereinafter, "Keebler") for allegedly violating the Equal Pay Act (the "EPA") and Title VII. Keebler filed a Motion to Dismiss the Plaintiff's EPA claim (the "Motion").

Instead of responding to the Motion, Plaintiff filed an "Amended Complaint" on July 11, 2005. The filing seeks to reinstate International Union Local 1 as a Defendant (hereinafter, the "Union"). The Court has already dismissed the Union from this action and Plaintiff is not granted leave to file his Amended Complaint. The Motion is straightforward and the Court does not need response or reply briefs to resolve it.

Under Federal Rules of Procedure 8(a), a plaintiff must set out in the complaint a short statement of the grounds on which jurisdiction depends, a succinct statement of the claim, and a

demand for relief. See FED. R. CIV. P. 8(a). This pleading standard is liberal, and "is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Its purpose is to provide notice of a claim and a "complaint 'need not spell out every element of a legal theory' to provide notice." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999)(citation omitted).

The Motion asserts that Plaintiff failed to plead a *prime facie* case of wage discrimination. To state a *prime facie* claim of wage discrimination, a plaintiff must show that (1) higher wages were paid to a member of the opposite sex; (2) for equal work requiring similar skill, effort, and responsibility; and (3) the work was performed under similar conditions. *See Stopka v. Alliance of Am. Ins.*, 141 F.3d 681, 685 (7th Cir. 1998). Keebler argues that Plaintiff has failed to satisfy prongs two and three of this test.

In his complaint, Plaintiff provides a statement of federal jurisdiction and makes a demand for relief. He also makes a succinct statement of his EPA claim – Ms. Jackson, a female co-worker, received a higher hourly pay rate than he did ($11.20/hour versus $10.38/hour) despite that fact that Plaintiff was employed longer than Ms. Jackson. While Defendant is correct that Plaintiff has not specifically alleged that Ms. Jackson performed equal work

under similar conditions, he did specify that she is a co-worker of his at Keebler. Plaintiff is *pro se* and "district courts have a special responsibility to construe *pro se* complaints liberally." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). The Court concludes that Plaintiff's pleading is sufficient to provide Defendant with notice of his EPA claim, and that it satisfies the liberal notice pleading standards of FED. R. CIV. P. 8(a). Accordingly, Defendant Keebler's Motion is **DENIED**.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: August 1, 2005